THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Thu Thanh Thi PHAM,

    Plaintiff,

v.

Yasser NAVARRETE, Seattle District Director of U.S. Citizenship and Immigration Services, *et al.*,

    Defendants.

CASE NO. 2:22-cv-588-RAJ

ORDER

## I.    INTRODUCTION AND BACKGROUND

This matter comes before the Court on Defendants United States Citizenship and Immigration Service's ("Defendants" or "USCIS") Motion to Dismiss. Dkt. # 20. Plaintiff Thu Thanh Thi Pham ("Plaintiff" or "Pham") opposes the motion to dismiss (Dkt. # 21) and filed a surreply (Dkt. # 25). Defendants have filed a reply in support of their motion to dismiss (Dkt. # 22) and several notices of supplemental authority. Dkt. ## 28, 29, 31, 35, 36. Having reviewing the memoranda, declarations, exhibits submitted by the parties, and supplemental authority, the Court finds as follows:

Plaintiff is a citizen of Vietnam and lives in Lewis County, Washington. Dtk. # 16 (Amended Complaint) ¶ 2. Plaintiff entered the United States in 2015 via a B-2 visitor visa with authorization to stay in the country until April 2, 2016. *Id.* ¶ 9. Plaintiff sought to change her status from a B-2 visa holder to that of an M-1 holder by filing a Form I-539, and USCIS approved her application. *Id.* ¶ 10, 11. Plaintiff's status was valid from June 20, 2016 to June 19, 2017, and Plaintiff enrolled in a training program at the Santa Ana Valley College, Inc. Santa Ana Beauty College ("SABC"). *Id.* ¶ 11. SABC issued to Plaintiff a Form I-20 Certificate of Eligibility for Nonimmigrant Student Status that stated that Plaintiff would attend the training program from July 5, 2016 through July 17, 2017. *Id.* On May 9, 2017 Plaintiff sought to extend her M-1 status, and USCIS approved her application with validity from June 20, 2017 to June 19, 2018. *Id.* ¶ 12. On September 2, 2017, Plaintiff completed her training and began preparing for a state licensing exam, which she passed in November 2017. *Id.* ¶ 13. On April 11, 2018, Plaintiff again filed to extend her M-1 visa. Her Form I-539 was approved with validity from June 20, 2018 to June 19, 2019. *Id.* ¶ 14. On August 14, 2018, SABC issued to Plaintiff a Form-120 reflecting a program from July 5, 2016 to June 1, 2018 and "Optional Practical Training" in the field of cosmetology from September 10, 2018 to March 2, 2019. *Id.*

Plaintiff became interested in applying for a job with Merit Logistics in Washington. Merit Logistics filed a labor certification around December 15, 2017. *Id.* ¶ 15. Merit Logistics then filed a Form I-140 (Immigrant Petition for Alien Worker) on Plaintiff's behalf on August 30, 2018, and Plaintiff simultaneously filed a Form I-485, Application to Register Permanent Residence or Adjust Status – a green card application. *Id.* On September 10, 2018, USCIS issued to Plaintiff an employment authorization in the optional practical training category, *id.* ¶ 16, and on October 12, 2018, Plaintiff received an employment authorization document based on her pending green card application. *Id.* ¶ 17. In December 2018, Plaintiff moved to Washington and started working at Merit Logistics. *Id.* ¶ 18.

Plaintiff was interviewed by USCIS on December 3, 2019 and December 1, 2021 regarding her green card application. *Id.* ¶ 19. After not hearing anything for months, Plaintiff filed the instant action in May 2022, seeking to compel USCIS to make a decision on her green card application. *Id.* ¶ 20; *see also* Dkt. # 1 (Complaint). Soon thereafter, USCIS issued a Notice of Intent to Deny, and on August 23, 2022, USCIS denied Plaintiff's application. Dkt. # 16 ¶ 20, 21. According to the Notice of Intent to Deny, USCIS found that Plaintiff failed to maintain her status and violated the terms of her M-1 visa because the Form I-20s did not reflect Plaintiff's true attendance at Santa Ana Beauty College. Dkt. # 23 (Declaration of Frederich S. Schneider), Ex. A (Notice of Intent to Deny). USCIS found that Plaintiff's course of study at SABC was completed on September 1, 2017, and after that date, she was no longer pursuing a full course of study at an established vocational or other recognized nonacademic institution, and therefore no longer eligible to be classified as an M-1 immigrant. *Id.* According to USCIS, Plaintiff violated the terms of the M-1 classification by failing to further pursue a course of study or participate in Optional Practical Training in the time period of September 2, 2017 to August 30, 2018. *Id.*

Plaintiff alleges that USCIS found allegedly conflicting testimony by Plaintiff, an inconsistency in a letter provided by SABC, and the fact that Plaintiff never worked as a cosmetologist with her OPT card, and relied on this in denying her application. Dkt. # 16 ¶ 22. Plaintiff further alleges that she was entitled to rely on USCIS's prior action in approving her M-1 extension and her OPT work authorization. *Id.* ¶ 23. Plaintiff states that both she and her employer Merit Logistics have invested significant time, money, and energy into the permanent residence process and relied on USCIS's prior M-1 adjudications and work authorization. *Id.* ¶ 25. Ultimately, Plaintiff was laid off by Merit Logistics. *Id.*

Plaintiff brings two causes of action under the Administrative Procedure Act (APA), 5 U.S.C. § 702. First, she alleges that Defendants' denial of her adjustment of

status request is arbitrary, capricious, and an abuse of discretion in that it disregards USCIS's prior approval to extend Plaintiff's nonimmigrant status. *Id.* ¶ 27, 28. Second, Plaintiff alleges that Defendants' denial decision is contrary to a constitutional right in that "the decision purports to undo USCIS's prior approval of Plaintiff's application to extend her nonimmigrant status." *Id.* Plaintiff asserts that she has a protected interest in her approved M-1 status, and Defendants' denial has harmed her and her former employer. *Id.* ¶ 29, 30. Plaintiff requests that this Court set aside USCIS's denial and remand this matter to the agency for "a new decision to be issued in compliance with the law and regulations within 30 days," retain jurisdiction over this action and any attendant proceedings until Defendants have re-adjudicated Plaintiff's application, and award Plaintiff reasonable attorney's fees under the Equal Access to Justice Act. *Id.* at 8.

      In Plaintiff's surreply, she asked this Court to strike the Declaration of Frederich Schneider (Dkt. # 23) filed with Defendants' reply and order the parties to file the entire administrative record. Dkt. # 25. In response, this Court provided Plaintiff with the opportunity to file on the docket specific records that she wished to have the Court review in support of her opposition to USCIS's motion to dismiss, and provided Defendants with an opportunity to respond. *See* Dkt. # 32. Plaintiff filed a response urging this Court to again strike the Schneider Declaration, deny the motion to dismiss, and order Defendants to produce the entire administrate record. Dkt. # 33. Further, Plaintiff provided several excerpts from the administrative record, including Plaintiff's various I-20 forms, approval notices from USCIS, employment authorization documents, and exhibits submitted by Plaintiff in response to USCIS's Notice of Intent to Deny. Dkt. # 33-1, 33-2. Defendants filed a response arguing that the documents submitted by Plaintiff do not contradict the Schneider Declaration and highlighting numerous recent judicial rulings on the issue of jurisdiction over Plaintiff's claim. Dkt. # 34.

      Defendants seek dismissal of Plaintiff's claims, arguing that 8 U.S.C. § 1252(a) removes any jurisdiction the Court would otherwise have to review a decision made

pursuant to 8 U.S.C. § 1255, and that USCIS's decision to adjust under 8 U.S.C. § 1255 is committed to agency discretion and is therefore not susceptible to attack under the APA. Dkt. # 20.

## II. LEGAL STANDARD

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id*. Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In the instant matter, Defendants initially put forth a facial challenge. *See* Dkt. # 20. A challenge brought under Rule 12(b)(1) may be facial, where the inquiry concerns the allegations made in the complaint; or factual, where the court may look beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *see also McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

In their Reply, Defendants asked this Court to view their motion to dismiss as a factual challenge rather than a facial one, and consider Plaintiff's immigration history introduced by Defendants in the Declaration of Senior Immigration Services Officer Frederich S. Schneider. Dkt. # 23, 22. According to Defendants, Plaintiff has pivoted from challenging the denial of application to adjust status to challenging USCIS's decision to "retroactively invalidate" her second M-1 visa and place Plaintiff out of lawful status without due process of law. Dkt. # 22 at 1 (citing Dkt. # 21 (Plaintiff's

Opposition) at 3-5). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," while in a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a factual attack, a court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment and need not presume the truthfulness of the plaintiff's allegations. *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

### III. DISCUSSION

In their briefing, Defendants argue that 8 U.S.C. § 1252(a) strips this Court of jurisdiction to review any judgment made under 8 U.S.C. § 1255, and that a decision by USCIS to adjust status is committed to agency discretion and therefore not susceptible to attack under the APA. Dkt. # 20 at 3-10. Plaintiff opposes these arguments, arguing that USCIS retroactively removed her from a status that she was granted three times, violating her constitutionally-protected interest. Further, Plaintiff argues, she does not challenge Defendants' fact-finding, but instead challenges its legal authority to take such action against Plaintiff. Dkt. # 21 at 1-3.

#### A.) 8 U.S.C. § 1255

The Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1255, provides the criteria for adjustment of status to permanent resident. 8 U.S.C. § 1255(a). The law provides that such adjustment may occur at the "discretion" of the Attorney General, and the individual seeking adjustment must be "inspected and admitted or paroled into the United States," be eligible to receive an immigrant visa and admissible to the United States for permanent residence, and there must be an immigrant visa immediately available at the time the application is filed. *Id.* Further, the INA "declares certain categories of non-citizens ineligible to become lawful permanent residents, including

anyone who has failed to maintain lawful immigration status continuously since entering the United States." *Peters v. Barr*, 954 F.3d 1238, 1240 (9th Cir. 2020) (citing 8 U.S.C § 1255(c)). This includes individuals who fail to continually maintain a lawful status, engage in authorized employment prior to filing for an adjustment of status, or who are in unlawful immigration status at their time of filing. 8 U.S.C. § 1255(c)(2).

### B.) 8 U.S.C. § 1252

Defendants argue that 8 U.S.C. § 1252, entitled "Judicial review of orders of removal," strips district courts of jurisdiction to review any judgment made under 8 U.S.C. § 1255. Subparagraph (B) states, in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title… and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>   (i) any judgment regarding the granting of relief under section 1182(h), 1229b, 1229c, or 1255 of this title….

8 U.S.C. § 1252(a)(2)(B)(i). Subparagraph (D) provides that Subparagraph (B) shall not be construed to preclude review of constitutional claims or questions of law "raised upon a petition for review filed with an appropriate court of appeals" in accordance with the section. 8 U.S.C. § 1252(a)(2)(D). Defendants rely on a recent decision, *Patel v. Garland*, in which the Supreme Court held that 8 U.S.C. § 1252(2)(2(B)(i) strips federal courts of jurisdiction to review facts found as part of discretionary-relief proceedings under § 1255. 596 U.S. 328, 347, 142 S. Ct. 1614 (2022). Plaintiff argues that *Patel* is not controlling, because the majority declined to extend its holding to aliens not in removal proceedings, such as Plaintiff. Dkt. # 21 at 5. Plaintiff further argues that it is improper for a statute entitled "Judicial review of orders of removal" to be interpreted to extend to applications filed outside of removal proceedings. *Id.*

ORDER- 7

Indeed, the *Patel* majority considered the possibility that their interpretation of § 1252(a)(2)(B)(i) could "have the unintended consequence of precluding all review of USCIS denials of discretionary relief[,]" noting that those decisions are made outside the removal context. 596 U.S. at 345. However, after stating that the "reviewability of such decisions is not before us, and we do not decide it," the Court surmised that "it is possible that Congress did, in fact, intend to close that door." *Id*. This is because "foreclosing judicial review unless and until removal proceedings are initiated would be consistent with Congress' choice to reduce procedural protections in the context of discretionary relief." *Id.* at 346 (citing *Lee v. USCIS*, 592 F.3d 612, 620 (4th Cir. 2010)).

Plaintiff cites to a recent case decided in this District, *Rubio Hernandez v. USCIS*, in which the Court addressed the issue of whether § 1252(a)(2)(B) precludes judicial review of the denial of an adjustment of status application made under § 1255 and found that it does not. No. 2:22-cv-00904-MJP, Dkt. # 14 (W.D. Wash. Nov. 30, 2022). In *Rubio Hernandez*, the Court found that both Ninth Circuit authority and the recent *Patel* decision leave the matter unresolved. *Id.* at 9-11. However, other courts, including those within this District, have applied the bar in § 1252(a)(2)(B) to judicial review of USCIS decisions. *See Akinmulero v. DHS, et al.*, No. C20-1135RSL, Dkt. # 85 (W.D. Wash. Apr. 24, 2023). And as the *Akinmulero* Court points out, every Court of Appeals to have considered the issue post-*Patel* has "concluded that judicial review of adjustment of status determinations made by USCIS outside of the removal context is barred." *Id.* at 2; *see also Abuzeid v. Mayorkas*, 62 F.4th 578 (D.C. Cir. 2023); *Britkovyy v. Mayorkas*, 60 F.4th 1024 (7th Cir. 2023); *Doe v. Sec'y, U.S. Dep't of Homeland Sec.*, No. 22-11818, 2023 WL 2564856 (9th Cir. Mar. 20, 2023); *Shaiban v. Jaddou*, No. 21-2010 (4th Cir. Apr. 3, 2024). Ninth Circuit authority is in accord. *See, e.g.*, *Gebhart v. Nielsen*, 879 F.3d 980 (9th Cir. 2018); *Herrera v. Garland*, No. 21-17052, 2022 WL 17101156 (9th Cir. Nov. 22, 2022); *Poursina v. USCIS*, 936 F.3d 868 (9th Cir. 2019). As a result, this Court lacks subject matter jurisdiction over Plaintiff's complaint.

### C.) Agency Discretion

Plaintiff frames her amended complaint as a request to determine: (1) whether USCIS's decision illegally vacates the issuance of Plaintiff's two M-1 visas by retroactively finding she violated the terms of her visas despite the fact that no process was ever undertaken to cancel the visas, and (2) whether USCIS's decision violated Plaintiff's constitutional right by wiping out her protected interest in her M-1 status. Dkt. # 21 at 7. Plaintiff's allegations misstate USCIS's findings, and the portions of the administrative record submitted by both parties do nothing to cast USCIS's findings in a different light. Defendants are correct when they state that USCIS did not "revoke" or "terminate" Plaintiff's M-1 visa, retroactively or otherwise. Dkt. # 22 at 5. Instead, USCIS made a factual finding that Plaintiff failed to comply with the terms of her visa, resulting in a failure to maintain her status. Like the plaintiff in *Doe*, Plaintiff appears to seek a reweighing of the evidence submitted to USCIS, not resolution of a constitutional or legal question. *Doe*, 2023 WL 256486, at * 3. And "USCIS's ultimate decision and weighing of the factors in granting or denying Plaintiff's status adjustment application is a discretionary determination[,]" and Plaintiff is therefore "not entitled to judicial review…." *Molina Herrera v. Garland*, 570 F. Supp. 3d 750, 756 (N.D. Cal. 2021), *aff'd sub nom. Herrera v Garland*, 2022 WL 17101156; *see also Catholic Charities CYO v. Chertoff*, 622 F. Supp. 2d 865, 880 (N.D. Cal. 2008) (Victims of Trafficking and Violence Prevention Act of 2000 vests Secretary of DHS with authority to determine eligibility for U-visas and whether to adjust the status of immigrant applicants, and the statute does not mandate a particular outcome or confer a protected interest in the granting of a visa or legal permanent resident status).

Moreover, § 1252(a)(2)(D), which preserves judicial review over constitutional claims or questions of law "raised upon a petition for review filed with an appropriate court of appeals," does not restore this Court's jurisdiction. Here, Plaintiff does not challenge a removal order, and the district court is not the appropriate avenue for Plaintiff

to seek review. *See Britkovyy*, 60 F.4th 1024, 1028 ("Taken together, these provisions provide for judicial review of legal and constitutional claims and only if those claims are brought in a petition for review from a final order of removal."). Plaintiff's constitutional challenge, Dkt. # 16 ¶ 29, 30, is similarly barred.

## IV.  CONCLUSION

Because a court may review evidence beyond the complaint in resolving a factual attack, as brought here, *see Safe Air for Everyone*, 373 F.3d at 1039, and because this Court previously granted Plaintiff's request to submit for review the most relevant portions of Plaintiff's administrative record in support of her Opposition and provided all parties an opportunity to respond, Dkt. #32, this Court **DENIES** Plaintiff's request to strike the Schneider Declaration. Further, because this Court lacks jurisdiction to consider Plaintiff's challenge to the denial of Plaintiff's adjustment of status application, Defendants' motion to dismiss is **GRANTED** without leave to amend.

Dated this 11th day of June, 2024.

*(signature)*

The Honorable Richard A. Jones
United States District Judge

ORDER- 10